## LOMBARD v. HENDRIX.

1. HARMLESS ERROR—FINDING OF FACT.—An erroneous finding of fact which cannot affect the judgment is harmless error.
2. MORTGAGE.—Defendant did not mortgage his one-third interest in the land to secure this debt.
3. ESTOPPEL.—No ground for estoppel here against defendant.
4. EVIDENCE—ADMISSIONS.—AN ATTORNEY is a competent witness to testify as to admissions by him before the master.

Before GAGE, J., September, 1898.    Modified.

Action by Geo. R. Lombard, survivor of Lombard & Co., and M. B. Sturkey against F. M. Hendrix.    Plaintiffs ap-peal from Circuit decree.

_Mr. N. B. Dial,_ for appellant.

_Mr. N. G. Evans,_ contra.

March 23, 1899. The opinion of the Court was delivered by

MR. JUSTICE POPE. The plaintiff, M. B. Sturkey, became indebted to his coplaintiff, George R. Lombard & Co., in September, 1893, by three notes—one for $176.78, due 1st December, 1893; one for $176.79, due, 1st October, 1894; and one for $94, due 1st April, 1894—which notes were secured by chattel mortgages. The consideration for the three notes was machinery, such as a cotton gin, feeder and condenser; 1 Hegis saw mill, shafting and pulleys; also 1 New Era cotton press. This machinery was placed in buildings located on what is known as "The Rogue Shoal Mill tract," on Big Stephens Creek, in Edgefield County, S. C. This indebtedness was not paid at its maturity, though certain partial payments were made thereon. On 15th December, 1893, the plaintiff, Sturkey, sold to Hendrix one-third interest in the fifty-two acres of land, and all machinery on the land which Sturkey had bought from J. D. Corvett. In July, 1896, M. B. Sturkey made a contract in writing with the defendant, F. M. Hendrix, wherein it was stipulated that the fifty-two acres of land composing said Rogue Shoal Mill tract, together with all the machinery thereon, should be purchased by the said F. M. Hendrix at the price of $900, to be paid in three instalments, and in addition that F. M. Hendrix would pay "all debts and liabilities that are now against the said property," but that title would be made upon full payment of the purchase money. Under this contract F. M. Hendrix went into possession, and paid $300 on his contract. On 24th September, 1896, Sturkey not having paid off his debt to his coplaintiffs, assigned his contract with Hendrix to his said coplaintiff to secure his debt to them. Hendrix made some payments to George R. Lombard & Co. upon the assignment of Sturkey, but refusing or being unable to completely pay the debt, this action was brought to have the fifty-two acres of land and the machinery sold, and the proceeds applied, first, to the costs of the action; second, to the debt of Lombard & Co.;

third, to the debt of Sturkey., &c.    Testimony was taken by
the master.    Upon a hearing had before Judge Gage, he
denied the plaintiffs' right to sell the one-third of the mill
tract and the machinery purchased from J. D. Corvett to
pay either the debt of Lombard & Co. or that of M. B.
Sturkey, but he did decree the sale of all the machinery pur-
chased from Lombard & Co., and also the two-thirds interest
in the mill tract where the title was held by M. B. Sturkey,
and directed that out of the proceeds of such sale the costs
be first paid, then the debt due to Lombard, which debt the
master shall ascertain from the testimony herein given, then
for any deficiency due to Sturkey by Hendrix.    This decree
provided, also, that in the event there should remain any
deficiency in the full payment of Lombard's debt, that he
should have a judgment primarily against Hendrix for such
deficiency; and if not paid by Hendrix, a judgment against
Sturkey for such deficiency still remaining; that Hendrix
should have credit on his contract debt with Sturkey for
whatever sum the machinery and two-thirds of the land
realize, and for any deficiency Sturkey should have judg-
ment against Hendrix.    The Circuit Judge also decided
that the credit of the 15th December, 1895, of $95, as re-
ported by the master, should stand, and not be reduced to
$10, as sought by N. B. Dial, Esq., in his affidavit.

Appellant's exceptions are as follows: Because his
Honor, Judge Geo. W. Gage, erred as follows, to wit: 1.
In holding that Sturkey purchased the machinery from
Lombard, and placed it on the land before he sold Hendrix
one-third interest therein, and erred in holding Sturkey sold
Hendrix a third interest in said machinery.    2. In holding
that Lombard has seized said machinery.    3. In not finding
and holding that the defendant, Hendrix, assumed the pay-
ment of all claims, including that of Lombard, outstanding
against the machinery, in addition to agreeing to pay Stur-
key $900.    4. In holding that Sturkey assumed the pay-
ment of all debts against the machinery.    5. In not finding
and holding that Hendrix and Sturkey intended and agreed

that Hendrix's one-third interest should be pledged for the payment of $900 to Sturkey, and for all the debts against the property. 6. In holding that Hendrix should have credit on his creditors' debts with Sturkey for whatever the machinery and two-thirds interest in the land brought; whereas he should have credit only for what the land realized. 7. In not holding that Hendrix was estopped from claiming an interest in the property until after said debts were paid. 8. In holding that N. B. Dial was incompetent to testify as to payments. 9. In holding that N. B. Dial, plaintiff's attorney, could not testify as to his own admissions at the reference, whereby he stated there was on November 15, 1895, a credit of $10, which the master inadvertently wrote down as $95. 10. Because he erred in not correcting this mistake by allowing the credit for the correct amount $10, instead of $95.

We will dispose of these exceptions in their numerical order: 1. It was not error in the Circuit Judge to hold that Sturkey purchased the machinery from Lombard and placed it in the mill tract of land before he sold a one-third interest in the land to Hendrix, for the record discloses as the dates on which such machinery was purchased by Sturkey the 3d and 30th days of *September,* 1893, whereas Sturkey sold to Hendrix on the 15th *December,* 1893; but it was error in the Circuit Judge to hold that Sturkey sold to Hendrix a one-third interest in the machinery he purchased from Lombard & Co.—the deed of conveyance for the third interest shows that the only machinery covered by that deed was such as was purchased from J. D. Corvett. Not only so, but Sturkey expressly stipulated that the machinery he was conveying to Hendrix was that upon which there was no lien of any kind whatsoever. But even after we have so found, it will not benefit the appellant, for the simple reason that there is no ground to base any objection to the judgment actually made by reason of this erroneous finding of fact. It is immaterial error.

2d. It seems to us it makes little difference whether Lom-

bard had actually seized the machinery in question; he was entitled to its possession. As a matter of fact, it was still on the premises of Hendrix. This is immaterial.

3d. We think the appellant has misconceived the decree of the Circuit Judge as covered by this his third exception. The Judge did hold Hendrix liable to pay the plaintiff's claims to the debt for the machinery as well as the payment of $900 in money to Sturkey.

4th. The fourth exception would be sustained if the Circuit Judge had held, as here complained of, but he does not so find. He holds Hendrix primarily liable to pay for such machinery.

5th. The appellant is clearly in error in this exception. The facts developed at the hearing and the papers themselves show that Hendrix never did bind his one-third interest in the mill tract of land and the machinery purchased by Sturkey from J. D. Corvett to pay the debt arising from the purchase of the machinery from Lombard & Co. The contract in writing signed by Sturkey and Hendrix in relation to the purchase by the latter from the former of the two-thirds interest held by Sturkey in the land, is nothing but a contract for purchase by Hendrix, and an agreement to sell by Sturkey, with a stipulation by the latter that he would make title when the purchase price was fully paid. There is nothing akin to a mortgage on the part of Hendrix of his one-third interest in the mill tract.

6th. We think the appellants are equally unfortunate in this exception. We think the Circuit Judge has been exceedingly careful of the interests of the plaintiffs, so far as Hendrix is concerned. What more could have been demanded by the plaintiffs? The decree requires him to pay his obligations to Sturkey even when in the hands of third persons—and he is excused from no duty by reason thereof.

7th. We cannot sustain this exception. There was absolutely no ground whereby Hendrix could have been estopped from claiming his one-third interest in the

mill tract of land, and the Circuit Judge very properly, therefore, refused to hold to the contrary.

As to the 8th, 9th, and 10th exceptions, we think there was error. We have searched the whole record to get at the basal facts of these exceptions. It is admitted that the credit of $95, as of December, 1895, does not appear as a credit on the papers (the notes and mortgages), nor is that credit set out in the testimony of any witness. The master must have taken it down as an admission. But Mr. Dial explains the mistake, and insists that he gave it as $10 instead of $95. Of course, Mr. Dial could not have testified as to what his clients told him, but he certainly was a competent witness to state what he himself had admitted before the master. No one denies or questions Mr. Dial's statement. The decree must be modified by allowing a change in this credit from $95 to $10, but in all other respects the decree is affirmed.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in the single particular of a change in the credit of $95 to $10, and in all other respects be affirmed.